

1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT

9
10    CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| 11  THE LOS OSOS COMMUNITY | Case No. CV-08-01279 AHM (SSx) |
| 12  SERVICES DISTRICT, a California | |
| special district, STEVE SENET, JOHN | **[~~PROPOSED~~] PROTECTIVE** |
| 13  FOUCHE, CHUCK CESENA, LISA | **ORDER** |
| 14  SCHICKER, and JULIE TACKER | |
| 15 | **[Discovery Document: Referred** |
| | **to Magistrate Judge Suzanne H.** |
| 16              Plaintiffs, | **Segal]** |
| 17          v. | |
| 18  AMERICAN ALTERNATIVE | |
| 19  INSURANCE CORPORATION, a | |
| Delaware corporation, | |
| 20 | |
| 21              Defendant. | |
| 22 | |
| 23  AND RELATED COUNTERCLAIM | |
| 24 | |

*NOTE CHANGES MADE BY COURT*

25
26
27
28

**ORDER**

1.       Based on the joint stipulation of Plaintiffs/Counter-Defendants The Los Osos Community Services District (the "District"), Steve Senet, John Fouche, Chuck Cesena, Lisa Schicker, Julie Tacker; and Defendant/Counter-Claimant American Alternative Insurance Corporation ("AAIC") (collectively the "Parties"), and for good cause shown, the Court enters the following ORDER for the protection of confidential material in this action.

**Good Cause Statement**

2.       California Civil Code §§ 3426 et seq. define and protect certain trade secrets, and Fed.R.Civ.P. 26(c) authorizes the Court to limit the disclosure of trade secret and other confidential information pursuant to a protective order.

3.       As part of their initial disclosures and throughout discovery in this action, the Parties expect to produce certain documents that will contain confidential attorney-client communications, attorney work product, proprietary data, trade secrets, confidential research and development data and/or other commercially sensitive information (hereafter "Confidential Documents"). Specifically, the Parties anticipate producing the following Confidential Documents:

  a. the District's defense attorney fee statements in the ongoing civil action called *Taxpayers Watch, et al. v. Los Osos Community Services District, et al.,* San Luis Obispo County Superior Court Case No. CV05086 (the "Underlying Action");

  b. AAIC's insurance underwriting file;

  c. AAIC's insurance claim file; and

  d. AAIC's pertinent insurance claim manual and guidelines.

4.       The District's defense attorney fee statements in the ongoing Underlying Action contain confidential descriptions of the tasks undertaken by its defense attorneys, including their strategies for the defense. The District has taken

1  all reasonable precautions to protect the confidentiality of these documents.  The
2  Plaintiffs/Counter-Defendants would be severely prejudiced in the Underling
3  Action if their defense attorneys' strategies and opinions are disclosed to the
4  attorneys for Taxpayers Watch.

5      5.    AAIC's insurance underwriting file contains confidential underwriting
6  criteria and premium rating information and data.  AAIC has taken all reasonable
7  precautions to protect the confidentiality of these documents, information and data.
8  AAIC would be severely prejudiced if this information were to be disclosed to its
9  competitors.

10     6.    AAIC's insurance claim file contains confidential communications
11  with its counsel regarding the Underlying Action. AAIC has taken all reasonable
12  precautions to protect the confidentiality of these documents. AAIC and
13  Plaintiffs/Counter-Defendants would be severely prejudiced in the Underling
14  Action if these confidential communications are disclosed to the attorneys for
15  Taxpayers Watch.

16     7.    AAIC's pertinent insurance claims manual and guidelines contain its
17  proprietary practices and procedures for investigating, evaluating and handling
18  claims.  AAIC has taken all reasonable precautions to protect the confidentiality of
19  these documents, information and data. AAIC would be severely prejudiced if this
20  information were to be disclosed to its competitors.

21     8.    The Parties wish to protect the confidential and privileged nature of
22  these Confidential Documents and their content pursuant to this Order.
23  Accordingly, the Parties stipulate to this Order.

24     9.    The Parties may produce Confidential Documents for examination
25  and inspection in this action pursuant to this Order.  These documents shall be
26  marked or stamped "Confidential."

27
28

10.   The Parties shall limit the use and dissemination of all Confidential Documents pursuant to this Order, and only for the purpose of litigating this action, and for no other purpose.

11.   The production of any Confidential Document pursuant to this Order is not intended to be a waiver by any party of any objections or privileges that might apply to the use of the Confidential Document in any proceeding or for any purpose.

12.   Under no circumstances, other than those specifically enumerated in this Order, or in a subsequent order of the Court, shall any party or person obtaining a Confidential Document disclose, provide, share, describe, comment on or disseminate a Confidential Document or its contents to persons other than the following:

    (a)   the Court, pursuant to paragraph 15 of this Order;

    (b)   counsel of record for a party to this action (including the paralegal, clerical and secretarial staff employed by such counsel); and

    (c)   "Qualified Persons" designated below:

        (i)   a party or an officer, director or employee of a party deemed necessary by counsel to aid in the prosecution, defense or settlement of this action;

        (ii)   experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense or settlement of this action;

        (iii)   court reporter(s) employed in this action;

        (iv)   a witness at any deposition or other proceeding in this action; and

        (v)   any other person as to whom the Parties agree in writing.

13.   Any Confidential Documents and their contents may be disclosed to and discussed with persons identified in paragraph 12(b)-(c) only after that person

1  is provided a copy of this Order, has read and understood the Order, and executes a
2  non-disclosure agreement in the form of attachment A hereto.  Counsel of record
3  providing the Confidential Document to any such person shall maintain the written
4  agreement of any such person agreeing to be bound by this Order.

5      14.    The persons to whom Confidential Documents are provided shall not
6  make any copies or use any Confidential Document or its contents for any purpose
7  whatsoever, except as permitted in this stipulation and Order.

8      15.    If any party or counsel of record files or submits a Confidential
9  Document or any confidential portion thereof to the Court, the Confidential
10  Document or any confidential portion thereof shall be accompanied by an
11  application pursuant to Local Rule 79-5 to file the Confidential Documents or any
12  confidential portion thereof under seal.  The application shall be directed to the
13  judge to whom the papers are directed.  Pending the ruling on the application, the
14  papers or portions thereof subject to the sealing application shall be lodged under
15  seal.

16      16.    If any party or counsel of record objects to the designation of a
17  Confidential Document as "Confidential" within the meaning of this stipulation
18  and Order, the parties shall resolve their dispute pursuant to Local Rule 37.  Until
19  the Court enters an order, if any, regarding the confidentiality of the Confidential
20  Document, the parties shall continue to be protect the Confidential Document
21  pursuant to this stipulation and Order.

22      17.    If any Confidential Document is used in any proceeding in this case,
23  including any deposition, the document shall not lose its confidential status
24  through such use, and the Parties shall take all steps reasonably required to protect
25  the confidentiality of the document during any such use—except that if this matter
26  proceeds to trial, any Confidential Document or any confidential portion thereof
27  that is filed with the Court will become presumptively public and available to all

28

1 | members of the public, including the press, unless sufficient cause is shown in
2 | advance of trial to proceed otherwise.

3 |     18.    Nothing in this Order shall be interpreted or deemed in any way to
4 | affect or establish the admissibility of any Confidential Document in any
5 | proceeding.  Nothing in this Order shall be interpreted or deemed in any way to
6 | suggest that the Court itself had made a determination regarding the confidential
7 | nature of the information.

8 |     19.    Within 60 days of the final termination of this litigation, whether by
9 | settlement or by final judgment in a Court of last resort, all Confidential
10 | Documents and copies of any Confidential Documents in the possession, custody
11 | or control of the Parties, their counsel of record, and any persons provided
12 | Confidential Documents pursuant to paragraph 12(b)-(c), shall either be returned to
13 | the party producing the Confidential Document or destroyed.  All notes,
14 | memoranda, summaries or other documents in the possession, custody or control of
15 | any such persons referring, describing or relating to Confidential Documents shall
16 | be destroyed.  Counsel of record shall obtain the return of all Confidential
17 | Documents and related documents from persons they provided such documents to
18 | pursuant to paragraph 12(b)-(c).  Counsel of record must certify in writing within
19 | the 60-day period to the Parties producing the Confidential Documents that all
20 | Confidential Documents and related documents and all copies have been returned
21 | or destroyed.

22 |     20.    This Order shall survive the final termination of this action unless
23 | otherwise agreed by the Parties in writing or ordered by the Court.

24 |     21.    Nothing in this Order shall be deemed a waiver of the attorney-client,
25 | work product or any other privilege, or of the right of any of the Parties to oppose
26 | production of any information or documents as being outside the scope of
27 | discovery authorized by the Federal Rules of Civil Procedure or otherwise.

28 |

22.    Nothing in this Order shall be construed to limit, restrict or otherwise affect the ability of the Parties to seek the production of documents, testimony or any information from any source.

23.    The Parties, counsel of record, and persons receiving copies of Confidential Documents shall be bound by the terms and conditions of this Order.

24.    The Court may impose sanctions on any person, party or counsel granted access to Confidential Documents under this Order who use Confidential Documents for any purpose other than in connection with this case and in accordance with the terms of this Order.

25.    A faxed or photocopied signature on this Order shall have the same force and effect as an original signature.

**IT IS SO ORDERED.**

Dated: July 1, 2008

_____
United States District Court Magistrate Judge

-7-
Protective Order

Attachment "A"

## AGREEMENT OF CONFIDENTIALITY

The undersigned acknowledges that he or she has read and is fully apprised of the Protective Order entered on or about June __, 2008, in that certain litigation called *The Los Osos Community School District, et al. v. American Alternative Insurance Corporation*, USDC CD CA Case No. CV08-01279 AHM (SSx), and agrees to be bound by the terms thereof, to maintain the confidentiality of materials described therein, to make use of such materials only in connection with said litigation and for no other purpose, and agrees to be subject to the jurisdiction of that Court with respect to compliance with that Protective Order.

Dated: _____

By: _____